**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 15-49-GF-BMM-JTJ |
| Plaintiff, | **FINDINGS AND** |
| | **RECOMMENDATIONS** |
| vs. | |
| BRUCE DARNELL MOORE, | |
| Defendant. | |

## I. Synopsis

Defendant Bruce Darnell Moore (Moore) has been accused of violating the

conditions of his supervised release. Moore admitted all of the alleged violations,

except one. Moore's supervised release should be revoked. Moore should be

placed in custody for 4 months, with 44 months of supervised release to follow.

Moore should be incarcerated at the Bureau of Prisons' facility in Butner, North

Carolina.

## II. Status

Moore pleaded guilty to Possession with Intent to Distribute

Methamphetamine on October 5, 2015. (Doc. 32). The Court sentenced Moore to

60 months of custody, followed by 4 years of supervised release. (Doc. 92).

Moore's current term of supervised release began on October 12, 2018. (Doc. 114

at 1).

**Petition**

The United States Probation Office filed a Petition on January 24, 2019, requesting that the Court revoke Moore's supervised release. (Doc. 114). The Petition alleged that Moore had violated the conditions of his supervised release: 1) by using cocaine; 2) by interacting with a person engaged in criminal activity; 3) by failing to report for substance abuse treatment; 4) by failing to report for substance abuse testing; and 5) by committing other crimes.

**Initial appearance**

Moore appeared before the undersigned for his initial appearance on March 12, 2019. Moore was represented by counsel. Moore stated that he had read the petition and that he understood the allegations. Moore waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on March 12, 2019. Moore admitted that he had violated the conditions of his supervised release: 1) by using cocaine; 2) by interacting with a person engaged in criminal activity; 3) by failing to report for substance abuse treatment; and 4) by failing to report for substance

abuse testing.  Moore did not admit or deny alleged Violation No. 5.  The government did not meet its burden of proof with respect to alleged Violation No. 5.  The violations that Moore admitted are serious and warrant revocation of Moore's supervised release.

Moore's violations are Grade C violations.  Moore's criminal history category is III.  Moore's underlying offense is a Class B felony.  Moore could be incarcerated for up to 36 months.  Moore could be ordered to remain on supervised release for up to 48 months, less any custody time imposed.  The United States Sentencing Guidelines call for a term of custody of 5 to 11 months.

### III.  Analysis

Moore's supervised release should be revoked.  Moore should be incarcerated for 4 months, with 44 months of supervised release to follow.  This sentence is sufficient but not greater than necessary.

### IV.  Conclusion

The Court informed Moore that the above sentence would be recommended to Judge Morris.  The Court also informed Moore of his right to object to these Findings and Recommendations within 14 days of their issuance.  The Court explained to Moore that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what,

if any, sanction to impose.  Moore stated that he wished to waive his right to object

to these Findings and Recommendations, and that he wished to waive his right to

allocute before a United States district court judge.

The Court **FINDS:**

> That Bruce Darnell Moore violated the conditions of his supervised release:
> by using cocaine, by interacting with a person engaged in criminal activity,
> by failing to report for substance abuse treatment, and by failing to report for
> substance abuse testing.

The Court **RECOMMENDS:**

> That the District Court revoke Moore's supervised release
> and commit Moore to the custody of the United States Bureau of
> Prisons for a term of 4 months, with 44 months of supervised release
> to follow.  Moore should be incarcerated at the Bureau of Prisons'
> facility in Butner, North Carolina.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and

Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing.  28 U.S.C. § 636(b)(1).  A United States district court judge will

make a de novo determination regarding any portion of the Findings and

Recommendations to which objection is made.  The district court judge may

accept, reject, or modify, in whole or in part, the Findings and Recommendations.

Failure to timely file written objections may bar a de novo determination by the

district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 13th day of March, 2019.

John Johnston
United States Magistrate Judge