IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

FILED
JAN 22 2020
Clerk, U.S District Court
District Of Montana
Great Falls

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRUCE DARNELL MOORE,<br><br>Defendant. | CR 15-49-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Bruce Darnell Moore (Moore) has been accused of violating the conditions of his supervised release. Moore admitted all of the alleged violations. Moore's supervised release should be revoked. Moore should be placed in custody for 6 months, with 38 months of supervised release to follow. Moore should receive credit for time served in federal custody. The District Court should consider terminating Moore's supervised release if Moore completes one continuous year of supervised release with no violations.

## II. Status

Moore pleaded guilty to Possession with Intent to Distribute Methamphetamine on October 5, 2015. (Doc. 32). The Court sentenced Moore to

60 months of custody, followed by 4 years of supervised release. (Doc. 92). Moore's current term of supervised release began on May 24, 2019. (Doc. 128 at 1).

**Petition**

The United States Probation Office filed a Petition on July 18, 2019, requesting that the Court revoke Moore's supervised release. (Doc. 128). The Petition alleged that Moore had violated the conditions of his supervised release: 1) by using cocaine; and 2) by failing to report to his probation officer as directed.

**Initial appearance**

Moore appeared before the undersigned for his initial appearance on January 14, 2020. Moore was represented by counsel. Moore stated that he had read the petition and that he understood the allegations. Moore waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on January 14, 2020, and on January 21, 2020. Moore admitted that he had violated the conditions of his supervised release: 1) by using cocaine; and 2) by failing to report to his probation officer as directed. The violations are serious and warrant revocation of Moore's

supervised release.

Moore's violations are Grade C violations. Moore's criminal history category is III. Moore's underlying offense is a Class B felony. Moore could be incarcerated for up to 36 months. Moore could be ordered to remain on supervised release for up to 44 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 5 to 11 months.

### III. Analysis

Moore's supervised release should be revoked. Moore should be incarcerated for 6 months, with 38 months of supervised release to follow. Moore should receive credit for time served in federal custody. This sentence is sufficient but not greater than necessary. The District Court should consider terminating Moore's supervised release if Moore completes one continuous year of supervised release with no violations.

### IV. Conclusion

The Court informed Moore that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Moore of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Moore that Judge Morris would consider a timely objection before making a final determination on whether to revoke his

supervised release and what, if any, sanction to impose. Moore stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS:**

> That Bruce Darnell Moore violated the conditions of his supervised release: by using cocaine, and by failing to report to his probation officer as directed.

The Court **RECOMMENDS:**

> That the District Court revoke Moore's supervised release and commit Moore to the custody of the United States Bureau of Prisons for 6 months, with 38 months of supervised release to follow. Moore should receive credit for time served in federal custody. The District Court should consider terminating Moore's supervised release if Moore completes one continuous year of supervised release with no violations.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure

to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 22nd day of January, 2020.

John Johnston
United States Magistrate Judge